### DONALDSON *vs.* WINTER.

APPEAL from the court of the second district, the judge of this district presiding.

PORTER, J. delivered the opinion of the court. The plaintiff, as universal heir of the late Wm. Donaldson, claims from the defendant a number of lots in the town of Donaldsonville, which she alleges to be her property.

The sentence of a court of probates admitting a will is *prima facie* binding.

The copy of a sheriff's deed is no legal evidence till the absence of the original be accounted fo

A sheriff's deed must be supported by a judgment.

The plaintiff cannot recover

The defendant admits he is in possession of the land, mentioned in the petition; but denies that the plaintiff has any right under the will of Donaldson.

He also sets up a title under a purchase from Walker Gilbert, who bought, at a sale made by the sheriff of the parish of Ascension, under an execution or order of seizure, bearing date the        day of          1826, issued by the judge of said parish, for a duty, lately assessed on said lauds, of $680, for making a levee in front thereof, on the bayou Lafourche.

And he pleads the prescription of three, five and ten years; and prays, that if he be evicted, the plaintiff may be decreed to pay him $2500, the value of improvements, put by him on the premises.

Several bills of exceptions were taken on the trial. The first was to the introduction of Donaldson's will in evidence. It was objected to on the following grounds:

1. That it should have been signed by five witnesses, not including Livingston.

2. That it was not proved according to law nor ordered to be executed.

The will concludes in these words: "which has been dictated by me to Edw. Livingston,

one of the witnesses thereof, written by him in my presence, and declared as my last will and testament, in the presence of the other witnesses, who have signed the same the 28th of August 1813, signed William Donaldson. Acknowledged and declared by the said testator to be his last will and testament in our presence signed, George W. Dewees, Richard Relf, Benjamin Morgan, Edward Livingston, Waters Clark.

By the provisions of the old code, in force at the time this will was opened, it is declared to suffice for the validity of a nuncuptative act under private signature, that the testator in the presence of five witnesses "present the paper, on which he has written his testament, or caused it to be written out of their presence, declaring to them that, that paper incloses his last will."

It is contended the will offered here is of no effect, because it does not appear it was presented to all the witnesses at the same time, nor signed in presence of them, nor that the witnesses signed in presence of each other.

The proofs on which the testament was admitted to probate, consisted of the oath of three of the witnesses who declared, that it

East'n. District.
*June*, 1829.

DONALDSON
*vs.*
WINTER.

" was made at the instance and under the direction of the late William Donaldson, deceased, at New-Orleans the 27th instant, is the same that the late William Donaldson caused to be written in his presence by Mr. Edward, Livingston, on the 28th August *anno domini* 1813, and also that they recognised their signatures as well as that of the testator, given in their presence at the foot of the said last will, that the said William Donaldson told them was such, his last will and testament for the purpose therein mentioned.

This proof is literally that required by the 157th article of the code for the admission of the will to probate. The whole proceedings by the court, which ordered the execution of it, appears to be regular, and in conformity with law. The sentence therefore is *prima facie* at least binding on all persons. Whether it is not conclusive, may be doubted, but it is unnecessary to examine that question, for, no proof was adduced on the trial to contradict the evidence, on what the probate was granted.

There are four bills of exception taken by the plaintiffs, the points of law presented by them appear to us correctly decided by the

judge of the first instance, one of them however requires a particular examination.

This bill of exceptions, states that the defendant, having introduced in evidence the deed of sale of the sheriff's of the parish of Ascension to Walker Gilbert, recorded in the book of records of sheriff's sales of the parish of Ascension, the plaintiff objected to its admission &c. &c.

If the instrument offered was a copy, there was error in admitting it; the law in regard to sheriff's deeds requires the original to be delivered up by the recording officer, and, until it is accounted for, the copy is inferior evidence. But we cannot gather from the exception taken in the case, whether it was the original, which had been recorded, or a copy from the record, which was offered by the defendant. As it was the duty of the plaintiff to bring up the facts in such a manner, as to enable us to decide, whether there was error or not, he cannot have the case remanded, or the decision of the court below overruled.

The court below thought, that the sheriff's deed without a judgment did not support the defendant's right to the cause, and, in that opinion we concur.

DONALDSON
*vs.*
WINTER.

We are not to be understood in giving our assent to the conclusion of the judge below, to do so, on the grounds on which its correctness has been assailed here. If the records of a court of justice be lost, we see no reason why after their existence and loss are established, that the next best evidence, which the nature of the case is susceptible of, should not be received, and if written copies do not exist of them their contents may be established by parol testimony. But, for obvious reasons, this proof should be received with great caution, and, in the case before us, it is far from satisfactory. The keepers of the records, in which the proceedings should have been preserved, testify not only to the non existence of any such suit among them, but they also declare, that none such is found on the docket or records which have been kept as the legal proceedings in the parish. The sheriff states in the margin, that he sold by virtue of an order to him directed without saying from what court, or judge, that order emanated. None of the witnesses prove, that a judgment or decree was regularly entered up. The parish judge came nearer it than any other, and he goes no further than to swear, "that he heard they

were advertised and sold at public sale ac-
cording to law—that all the formalities requir-
ed by law were complied with."

In decreeing the defendant to restore pos-
session of the premises to the plaintiff, the
court directed, that previous thereto the
latter should pay to the former $680, the a-
mount made out of the sale and applied to the
payment of the testator's debts, together with
the sum of two thousand dollars, the value of
the improvements, made by the defendant on
the land.

The first part of this direction was clearly
correct and requires no observation from the
court. The justice and legality of the other
has been impugned principally on the ground,
that allowance was not made in favour of the
plaintiff for the fruits made from the soil,
since the institution of the suit, at which time
it is asserted he appeared to be in good faith.
This position we think incorrect; the defen-
dant entered into possession of the premises
long before the passage of the law which made
good faith cease with the institution of the suit.
It is a sound rule of construction never to con-
sider laws, as applying to cases which arise
previous to their passage, unless the legislature

have, in express terms declared such to be their intention. If that declaration had been made in this instance, a serious question would have arisen, as to their power to do so. They have no right perhaps to add to the obligations or responsibility, which flowed from the contract at the time the defendant made it: or abridge any of the rights which it conferred. At the time the defendant made the purchase, and entered into possession; he did so *bona fide*, and as a consequence of his good faith he had a right to make the fruits his own, until his bad faith was established by the law, as it then stood. If he had a right then to contest a demand for the property, with the privilege of making the fruits his own, it would seem that a subsequent law cannot change his responsibility, and say, that he shall not execute that right, unless he leaves the fruit. The case cannot be satisfactorily distinguished from that of *Brown vs. Thompson, Vol.* 6. 426.

Taking the defendant's obligation to restore the fruits, by the provisions of the old code, we think the sale from White to him, made him a possessor in good faith, and we believe he continued so until the decision of the case in the district court.

We think the judgment below meets the equity and justice of the case, and is supported by the evidence in relation to the value of the improvements.

It is therefore ordered adjudged and decreed, that the judgment of the district court be affirmed with costs.

*McCaleb* for the plaintiff, *Watts* for the defendant.

NOTE.—In the above case the court doubting, the correctness of its judgment, in relation to the demand for fruits, ordered a rehearing, and it is now pending and undecided.

---

\*₊\* Judge MATHEWS was prevented by indisposition, from attending the Eastern District, this year.